UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: ) | CASE No. | 16-20109 (JJT) |
| ) | | |
| MARIA T. CINTRON AKA MARIA ) | | |
| CINTRON AKA MARIA TERESA ) | | |
| CINTRON AKA MARITERI CINTRON, ) | CHAPTER | 13 |
| DEBTOR. ) | | |
| ) | | |
| ) | | |
| DEUTSCHE BANK NATIONAL TRUST ) | | |
| COMPANY, AS TRUSTEE FOR ) | | |
| FREMONT HOME LOAN TRUST 2006-2 ) | | |
| ASSET-BACKED CERTIFICATES, ) | | |
| SERIES 2006-2, ) | | |
| ) | | |
| MOVANT ) | | |
| V. ) | | |
| ) | RE: ECF Nos. | 15, 36, 40, 43, 49 |
| MARIA T. CINTRON AKA MARIA ) | | |
| CINTRON AKA MARIA TERESA ) | | |
| CINTRON AKA MARITERI CINTRON, ) | | |
| ) | | |
| RESPONDENT. ) | | |

## **APPEARANCES**

| | |
|---|---|
| Andrew S. Cannella, Esq. | Attorney for the Movant |
| Bendett & McHugh, P.C. | |
| 270 Farmington Avenue, Suite 171 | |
| Farmington, CT 06032 | |
| | |
| Jennifer B. Levine, Esq. | Attorney for the Respondent |
| Law Offices of Levine & Levine | |
| 754 West Main Street | |
| New Britain, CT 06053 | |
| | |
| Molly T. Whiton, Esq. | Chapter 13 Trustee |
| 10 Columbus Boulevard | |
| Hartford CT 06106 | |

## MEMORANDUM OF DECISION AND ORDER GRANTING SECURED CREDITOR'S REQUEST TO AMEND INFORMAL PROOF OF CLAIM

*Introduction*

Before the Court is Movant Deutsche Bank National Trust Company's, as Trustee for Fremont Home Loan Trust 2006-2, Asset-Backed Certificates, Series 2006-2 ("Secured Creditor") Memorandum of Law in Support of Secured Creditor's Objection to Plan Confirmation and Proof of Claim Being Timely Filed ("Request to Amend Proof of Claim", ECF No. 36). Consistent with its prayer for relief and representations made on the record during court proceedings, the Court will treat the memorandum as a request for leave to amend the informal proof of claim. Pursuant to the Court's instruction, the Secured Creditor also filed a Court Ordered Motion Regarding Proof of Claim Number 8 ("Court Ordered Motion", ECF No. 40). The Debtor, Maria T. Cintron, filed Debtor's Objection to Creditor's Untimely Proof of Claim 8 And Objection to Creditor's Court Ordered Motion Regarding Proof of Claim Number 8 ("Objection to Secured Creditor's Proof of Claim", ECF No. 43), in response to both motions. The Secured Creditor then filed a Creditor's Response to Objection to Claim (ECF No. 49). For the reasons stated below, the Court grants the Secured Creditor's Request to Amend Proof of Claim, and overrules the related objections.

*Facts*

On January 25, 2016, the Debtor filed a voluntary petition under Chapter 13 with an accompanying Chapter 13 Plan ("Plan", ECF No. 2). Pursuant to 11 U.S.C. § 341, the meeting of creditors was held on April 25, 2016, and, consistent with Bankruptcy Rule 3002(c), the Clerk set a June 9, 2016 deadline for the filing of proof of claims. The Debtor's Schedule D identified

the Secured Creditor's claim as secured by a mortgage on the Debtor's property in the amount of $166,801.78. The Plan proposed a 100% distribution to all unsecured creditors, and identified an arrearage of $43,000 payable to the Secured Creditor.

On February 1, 2016, before the claims deadline, the Secured Creditor filed an Objection to Confirmation of Plan ("Objection to Confirmation", ECF No. 15) asserting an estimated pre-petition arrearage of $48,182.19, an estimated total debt of $205,357.55, and an intention to file its proof of claim on or before the bar date of June 9, 2016. On June 23, 2016, the Chapter 13 Trustee ("Trustee") filed a proof of claim on the Secured Creditor's behalf, asserting a total arrearage of $43,000. On July 28, 2016, a confirmation hearing was held and continued to September 22, 2016 to accommodate the Debtor's request to modify the Plan to conform to the Trustee's proposed changes. On September 1, 2016, the Debtor filed its First Amended Chapter 13 Plan ("First Amended Plan", ECF No. 29), making no changes to the Secured Creditor's pre-petition arrearage. On September 19, 2016, the Secured Creditor filed an Objection to Confirmation of Plan (ECF No. 34), again asserting an estimated pre-petition arrearage of $48,182.19, and an estimated total debt of $205,357.55.

At the second confirmation hearing on September 22, 2016, the Secured Creditor stated its intention to treat the Objection to Confirmation as a proof of claim to be later amended. The Trustee represented that the Plan, while ostensibly confirmable, would require modification if a later proof of claim was allowed. The Court directed the Secured Creditor to file a motion requesting leave to amend the proof of claim beyond the bar date. On September 27, 2016, the Secured Creditor filed a formal proof of claim asserting a pre-petition arrearage of $49,057.88, and a secured claim in the amount of $205,404.42. On September 29, 2016, the Secured Creditor filed its Memorandum of Law in Support of Secured Creditor's Objection to Plan Confirmation

and Proof of Claim Being Timely Filed ("Request to Amend Proof of Claim", ECF No. 36), what the Court later cast as its request to amend the informal proof of claim.

On October 5, 2016, a status conference was held during which the Court directed the Secured Creditor to file a motion for leave to amend a proof of claim, in an effort to correct procedural deficiencies present on the record. On October 7, 2016, the Secured Creditor filed a Court Ordered Motion (ECF No. 40), asking the Court to consider the proof of claim as timely filed. On November 2, 2016, the Debtor filed its Objection to Secured Creditor's Proof of Claim (ECF No. 43). On November 29, 2016, the Secured Creditor objected to the Trustee's proof of claim on its behalf, again asserting the correct amount of the pre-petition arrearage to be $49,057.88 (ECF No. 44). On December 14, 2016 the Secured Creditor filed a Creditor's Response to Objection to Claim (ECF No. 49).

The Court's determination of the issues related to the Secured Creditor's proof of claim will precede addressing the confirmability of the Plan, or any amendment thereto.

*The Objection to Confirmation Constitutes an Informal Proof of Claim*

The Secured Creditor asserts that its Objection to Confirmation, filed prior to the claims deadline, constitutes an informal proof of claim and that such claim was amended by the subsequent filing of its formal proof of claim. The Court agrees.[1]

The informal proof of claim doctrine derives from the Second Circuit's holding that it is not essential that a document be styled a 'proof of claim', or that it be filed in the form of a claim, if it fulfills the purposes for which the filing of proof is required. *In re Egan*, 526 B.R. 111, 113 (Bankr. S.D.N.Y. 2015) (citing *In re Lipman,* 65 F.2d 366, 368 (2d Cir.1933)). If the

---

[1] Therefore, the Court does not address Secured Creditor's argument, in the alternative, that excusable neglect should constitute cause for the allowance of a late filed claim.

record discloses the timely filing by the creditor of a writing which may be construed as a proof of claim, a bankruptcy court is empowered to treat it as a proof of claim notwithstanding its formal defects. *Lipman,* 65 F.2d at 368. The party seeking to apply the doctrine bears the burden of proof. *In re Dumain*, 492 B.R. 140, 149 (Bankr .S.D.N.Y. 2013). Courts in this circuit have adopted a four part-test establishing that a document, in order to be an informal proof of claim, must: 1) be timely filed with the bankruptcy court and become part of the judicial record; 2) state the existence and the nature of the debt; 3) state the amount of the claim against the estate; and 4) evidence the creditor's intent to hold the debtor liable with the debt. *Id*; *accord In re St. James Mech., Inc.,* 434 B.R. 54, 63 (Bankr. E.D.N.Y. 2010); *In re Enron Creditors Recovery Corp.,* 370 B.R. 90, 99 (Bankr.S.D.N.Y.2007); *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.),* 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995); *Matter of E.C.W., Inc.*, 107 B.R. 451, 453 (Bankr. D. Conn. 1989).

Here, the Court finds that, while its compliance was inartful, the Secured Creditor has established that its Objection to Confirmation qualifies as an informal proof of claim. The Secured Creditor timely filed its Objection to Confirmation stating the pre-petition arrearage as $48,182.19 and the total debt as $205,357.55, evidencing its intent to hold the Debtor liable by indicating that a claim would be filed for that amount. Thus, the Objection to Confirmation meets the fundamental requirements necessary to be considered an informal proof of claim.

The Debtor, all but conceding satisfaction of the four-part test, responds that a fifth prong of equity weighs against allowing the untimely proof of claim to be deemed an amendment to any informal proof of claim. Debtor's Obj. 12, ECF No. 43 (citing *Am. Classic Voyages Co. v. Official Comm. (In re Am. Classic Voyages Co.)*, 405 F.3d 127, 130–131 (3d Cir.2005)); *see also In re Nowak*, 586 F.3d 450, 455 (6th Cir. 2009); *Barlow v. M.J. Waterman & Assoc's., Inc. (In*

*re M.J. Waterman & Assoc's., Inc.)*, 227 F.3d 604, 610 (6th Cir.2000); *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 236 (5th Cir.2000); *Clark v. Valley Fed. Sav. & Loan, Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir.1992). Although the Second Circuit Court of Appeals has not explicitly embraced this prong, some courts within this circuit have considered the equities when determining whether to apply the doctrine, while others have declined to do so. *See In re Egan*, 526 B.R. 111 (Bankr. S.D.N.Y. 2015); *In re Pabis*, 62 B.R. 633, 637 (Bankr. D. Conn. 1986); *but see In re Dumain*, 492 B.R. 140 (Bankr. S.D.N.Y. 2013). Collier on Bankruptcy provides that the allowance of a late claim is an equitable determination left to the discretion of the bankruptcy court. *Collier on Bankruptcy* ¶ 501.01[3][e], p. 501-12 (Alan N. Resnick & Henry J. Sommers eds., 16 ed.).

Assuming that a fifth prong of equity exists, it would not operate to bar the amendment sought here. The Debtor's primary support for the weighing of equities in this context –*In re Egan* – relied upon critical circumstances not found here. In *Egan*, the court held that equities prevented the creditor's objection to confirmation from constituting an informal proof of claim because of the Creditor's sophistication and familiarity with the bankruptcy court, its actual knowledge of the bar date, and, most significantly, that allowance of the claim would deprive unsecured creditors of any distribution under the plan. *Egan*, 526 B.R. at 115. The Debtor has emphasized that the servicer in *Egan* was Ocwen, the same servicer here, with like sophistication. Notwithstanding Ocwen's status, the balancing of the overall equities in the instant case support the determination that the Secured Creditor's Objection to Confirmation should be considered an informal proof of claim.

Unlike in *Egan*, there is no evidence here to suggest that the amount of the Secured Creditor's pre-petition arrearage, merely $5,182.19 more than the amount claimed by the Debtor,

would deprive unsecured creditors of a meaningful distribution under the plan. Although some courts are less likely to apply the doctrine when doing so "would significantly affect the payout to creditors with timely filed claims", that concern is not implicated in this case. *Id* (citing *In re Han–Hsien Tuan*, 2013 WL 5719505, at *5 (D.N.J. Oct. 21, 2013)). Further, the notice provided by the Objection to Confirmation removed any element of surprise or undue prejudice. The Debtor has been on notice of the Secured Creditor's intent to hold it liable to the amounts alleged within the Secured Creditor's first Objection to Confirmation, filed 7 days after the Debtor filed its original plan, as well as the Secured Creditor's second Objection to Confirmation, which asserted the same amount of debt, filed after the debtor's First Amended Plan. The Court sees no reason, demonstrable prejudice, surprise or grossly inequitable conduct upon which to effectively disallow such a claim.

Accordingly, it is fair, equitable, and in the interest of justice in this case to treat the Objection to Confirmation as an informal proof of claim.

*The Secured Creditor May Amend the Informal Proof of Claim*

It is well settled that "the right to amend an informal proof of claim will be allowed only where no new claims are introduced and where the equities then existing do not bar the amendment". *Matter of Veilleux,* 140 B.R. 28, 30 (Bankr. D. Conn. 1992); Collier on Bankruptcy similarly provides that the allowance of a late claim is an equitable determination left to the discretion of the bankruptcy court. *Collier on Bankruptcy* ¶ 501.01[3][e], p.501-12 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

Here, the Secured Creditor filed a formal proof of claim estimating a pre-petition arrearage of $49,057.88, and a total debt of $205,404.42. No new claim has been introduced, and

as mentioned above, notice of the Secured Creditor's claimed amount, not significantly different than that claimed by the Debtor, was provided. The Court finds that there is no material evidence of further equities which would bar amendment of the proof of claim. Thus, the Court will allow the amendment. [2]

This Court, however, is not unmindful of the costs, consequences and delays occasioned by the inartful compliance of the Secured Creditor. The Court finds that solely on account of the vicissitudes, delays and disjointed communication and process of the servicer, Ocwen, that the parties here incurred legal fees, costs and expenses to address and brief the proper claim to be treated in the Debtor's Plan. Accordingly, this Court, under the authority of Bankruptcy Rule 3001(D)(ii), hereby disallows any legal fees and expenses incurred by the Secured Creditor during the entire course of this Chapter 13 proceeding.

In light of the Court's determination of this issue, the Debtor is now at liberty to proceed with confirmation of the Plan, or the prompt modification of the proposed Plan.

**IT IS SO ORDERED** at Hartford, Connecticut this 8th day of February 2017.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[2] In light of this ruling, Secured Creditor's Objection to Claim 5 (ECF No. 44) is moot.